**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                              CHAPTER 13

WANDA RENEE BARNES,                                    CASE NO. 05-15414-8W3
_____/

**ORDER CONFIRMING PLAN**

       THIS MATTER came on for a hearing on April 10, 2006 following the transmittal of the Debtor's Chapter 13 Plan to all parties in interest. The Debtor(s) having modified said Plan at the hearing, as provided herein, and it having been determined after notice and hearing that:

       1.    The Plan complies with the provisions of this chapter and with other applicable provisions of the Bankruptcy Code;

       2.    Any fee, charge, or amount required under 28 U.S.C. Chapter 123 or by the Plan, to be paid before confirmation, has either been paid or shall be paid by the Trustee from the monies held pursuant to Section 1326 (b) of the Bankruptcy Code;

       3.    The Plan has been proposed in good faith and not by any means forbidden by law;

       4.    The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor(s) had been liquidated under 11 U.S.C. Chapter 7 on such date;

       5.    With respect to each allowed secured claim provided for by the Plan as hereinafter set forth:

             A.  The holders of secured claims shall retain the liens securing such claims; and

             B.  The treatment accorded such secured claims complies with the provisions of Section 1325 (a) (5);

       6.    The holders of secured claims, whether or not dealt with under the Plan as confirmed, shall retain the liens securing such claims; and

7. The Debtor(s) will be able to make all payments under the Plan and to comply with the Plan.

For reasons stated orally and recorded in open Court that shall constitute the decision of the Court, it is

ORDERED AND ADJUDGED that:

1. The Debtor's Plan, as modified be, and it hereby is, confirmed.

2. On September 1, 2005, nunc pro tunc, and each month thereafter for a total of 49 months, the Debtor shall pay to the Chapter 13 Standing Trustee, Terry E. Smith, P.O. Box 830, Memphis, TN 38101-0830, the sum of $224.00 per month. Nevertheless, in the event the Trustee has insufficient monies to pay the secured claim and priority child support claim in full, as herein provided, together with a minimum 20% dividend to the allowed general unsecured claims, then the periodic payments shall continue beyond 49 months until the same has occurred.

3. The only secured creditor paid by the Trustee through the Plan as confirmed is Pinnacle Financial Corporation.

4. The Trustee shall first pay the pre-petition arrearage claim of said creditor in full, without interest, in equal installments within 36 months. With the remaining monies, the Trustee shall first pay the priority child support claim of the State of Florida - Department of Revenue Child Support Enforcement in full, without interest. The Trustee shall thereafter pay the allowed general unsecured claims, pro rata. Pursuant to Bankruptcy Code §330(a)(4)(B), the court allows as reasonable compensation to Debtor's counsel ("Counsel"), Shawn M. Yesner, P.L., (to include all cost other than the filing fee) for representing the interests of the Debtor(s) in connection with this Chapter 13 case the amount of $1,806.00 ("Total Fee") which, after crediting the amount of the retainer of $806.00 ("Retainer"), the sum of $1,000.00 shall be paid through the confirmed Plan, in full, without interest, by the Trustee to Counsel subject to the following: (a) absent extraordinary circumstances and specific order of the court, Counsel may not charge any additional fees for services or expenses in connection with all services rendered to the Debtor(s) from the commencement of the representation ("Commencement") until 36 months after the date of confirmation of the plan; (b) the Total Fee does not exceed the amount agreed to be paid by the Debtor(s) at the Commencement and as disclosed in the statement filed by Counsel pursuant to Fed.R.Bankr.P. 2016; (c) provided sufficient funds are available, no more than $1,500 (inclusive of the Retainer) may be paid to Counsel prior to 12 months after the date of the petition; and (d) the balance owed after payment of the initial $1,500 may only be paid at the rate of $50 per month.

     5.    Payments to creditors by the Trustee shall perforce be in periodic installments. Creditors, including all taxing authorities, may not properly reject a payment simply because it may not pay a particular claim in full.

DONE AND ORDERED at Tampa, Florida on __April 20, 2006__.

*/s/ Michael G. Williamson*

MICHAEL G. WILLIAMSON
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Wanda R. Barnes, 336 Terminal Avenue, Polk City, FL 33868
Shawn M. Yesner, P.L., 1902 W. Main Street, Tampa, FL 33607
Terry E. Smith, Chapter 13 Trustee, P.O. Box 6099, Sun City Center, FL 33571-6099
All Creditors as Listed on Matrix
TES/WCH/cla